4
JEFFREY D. ROWE #194708
The Law Offices of Jeffrey D. Rowe
516 W. Shaw Avenue, Suite 200
Fresno, California 93704
(559) 228-1500 Telephone
(559) 228-1700 Facsimile

Attorney for Samantha Lynn Selma,

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>Samantha Lynn Selma,<br><br>            Debtor.<br>_____<br>Samantha Lynn Selma<br>            Movant.<br>vs.<br><br>United States Department of Education, Navient Solutions, LLC.<br> et al.<br><br>            Respondent. | Case No. 2023-11537<br><br>Chapter     7<br><br>**COMPLAINT TO DETERMINE DISCHARABILITY OF STUDENT LOAN**<br>**11 U.S.C. Section 523(a)(8)** |

**JURISDICTION & VENUE**

1.

The United States District Court for the Eastern District of California has jurisdiction of this action pursuant to 28 U.S.C. Section 1334 because Plaintiff's dischargeability complaint arises under Title 11.

2.

The United States Bankruptcy Court for the Eastern District of California has jurisdiction of this action pursuant to 28 U.S.C. Section 157.

-1-

3.

Plaintiff's dischargeability complaint is a core proceeding under 28 U.S.C. Section 157(b)(2) and Plaintiff consents to entry of orders and judgment by the bankruptcy judge in this adversary proceeding.

4.

Venue is proper in this district because Plaintiff resides here and filed bankruptcy here.

**PARTIES**

5.

Plaintiff is an individual living in Merced, Merced County, California. Plaintiff's educational debts to Defendants are collectively referred to as "student loans" in this complaint.

6.

Defendant United States Department of Education is an entity of the United States government, and headquartered in the Washington DC. Plaintiff is informed and believes that the Department of Education is the creditor of Plaintiff as it relates to his student loans.

7.

Defendant Navient Corporation is an American student loan servicer based in Wilmington, Delaware, and conducts business in California. Plaintiff is informed and believes that Navient Solutions, LLC is a creditor of Plaintiff's student loans.

**FACTUAL ALLEGATIONS COMMON TO ALL DEFENDANTS**

8.

This complaint's allegations are based on personal knowledge as to Plaintiff's own knowledge and conduct, and are made on information and belief as to the acts of others.

9.

On July 17, 2023, Plaintiff filed for bankruptcy protection under Chapter 7 of Title 11. Prior to commence of Plaintiff's bankruptcy case, Plaintiff owed Defendants student loans.

10.

Plaintiff can't maintain a minimal standard of living if required to repay student loans to Defendants. Plaintiff lives paycheck to paycheck and has no disposable income left over each month to repay her student loans. Plaintiff has **$34,178.51** in student loans and will never be able to fully repay her student loans with Defendants.

11.

Plaintiff is 30 years old. Plaintiff is single mother. She has as made all reasonable attempts to maximize her income prior to filing bankruptcy. She pursued Bachelor of Arts in Theatre at California State University Fresno. Plaintiff was employed as a medical records assistant at California Imaging Institute on September 1, 2023. Her position is full time that pays $16.50 per hour.

12.

It would be unconscionable for this Court to require Plaintiff to reduce her expenses further than she already reduced them. Plaintiff can't decrease her monthly expense budget in any way. Plaintiff's expense budget does not include any frivolous expenses. One of Plaintiff largest expenses is a car payment and car insurance which she requires for transportation to work. Plaintiff does not spend money on gambling, alcohol, or drugs.

13.

Additional circumstances prove Plaintiff's state of affairs above is likely to persist in the future. Plaintiff is not expecting any inheritance or gifts in the future that might allow her to repay her student loans. Plaintiff has no assets she could sell to repay her student loan. Plaintiff's rent and other monthly expenses continue to increase and her wages don't keep up with the costs of living.

14.

Plaintiff has made good faith efforts to pay and manage his student loans to Defendants. Her loans have been in deferment. They were transferred into Administrative Forbearance due to the Covid pandemic. From the time he finished school Plaintiff has worked to maximize his income and minimize his expenses as alleged above.

## FIRST CAUSE OF ACTION

(Determine Dischargeability – 11 U.S.C. Section 523(a)(8)

15.

Based upon the allegations above, this Court should determine that excepting Plaintiff's debts to Defendants from discharge would impose an undue hardship on Plaintiff.

**WHEREFORE**, Plaintiff requests:

A. An order determining Plaintiff's debts to Defendants as alleged above are discharged pursuant to 11 U.S.C. Section 523(a)(8) because excepting Plaintiff's debts to Defendants from discharge would impose an undue hardship on Plaintiff under the three-prong Brunner test; and an award of costs, and

B. For other equitable relief this Court may determine is fair and just.

DATED: October 13, 2023

Respectfully Submitted,

/S/JEFFREY D. ROWE
JEFFREY D. ROWE
Attorney for Movant